**CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**James E. SCHLIEF, Defendant.**

**Civ. No. 6–1735–C–1.**

United States District Court
S. D. Iowa,
Central Division.

Aug. 30, 1966.

James E. Cooney, Des Moines, Iowa, for plaintiff.

Thomas P. Hyland, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION

STEPHENSON, Chief Judge.

The plaintiff instituted this action seeking a declaratory judgment in respect to its liability under an insurance policy issued to the defendant. The defendant was involved in a collision while operating a tractor and semi-trailer and claims that the insurance policy issued by the plaintiff covered the collision and demands that the plaintiff extend coverage to him as a result of said collision.

On December 3, 1963, the plaintiff, Carolina Casualty Insurance Company (Carolina Casualty) through its authorized agent, Knox Campbell, issued to the defendant Schlief an automobile insurance policy (No. AC128912) covering a 1959 Diamond T tractor and a 1956 Trailmobile semi-trailer, which policy was in effect at the time of the accident on February 22, 1964. This policy extended bodily injury, property damage, and physical damage coverages. On January 31, 1964, Schlief requested that agent Campbell make some changes in the policy including the addition of a 1963 White Freightliner tractor and a 1956 Fruehauf trailer. These were the units that were subsequently involved in the collision and it is the coverage of these units that is in dispute. At the time of this request Schlief's premium payment record had been unsatisfactory in that payments were late and were made only after plaintiff's representatives had expended considerable effort in order to secure payment. Because of this past premium payment record, agent Campbell advised Schlief that he was reluctant to extend further coverage without a

down payment of some kind. Campbell finally told Schlief that he would send in the request for additional coverage endorsements and that Schlief was covered, but that if a check for the down payment not be forthcoming within the next day or so, the additional coverages would be "cancelled." When the down payment was not made by February 4, 1964, Campbell notified the company not to issue the endorsements, and they were never issued. It is the contention of Carolina Casualty that Schlief and Campbell understood that if the down payment of premium was not made there would be no coverage extended; that payment was a condition precedent to coverage. They reason that since no payment was ever made there was no coverage ever extended and thus none in effect at the time of the collision.

Defendant Schlief's position is that he was extended coverage by Campbell's oral statement that the additional units were covered and that coverage would be "cancelled" if the down payment was not received in the next few days.[1] He then relies on Iowa Code § 515.80 which provides that

"No policy or contract of insurance provided for in this chapter [insurance other than life] shall be forfeited or suspended for nonpayment of any premium, assessment, or installment provided for in the policy, or in any note or contract for the payment thereof, unless within thirty days prior to, or on or after the maturity thereof, the company shall serve notice in writing upon the insured that such premium, assessment, or installment is due or to become due, stating the amount, and the amount necessary to pay the customary short rates, up to the time fixed in the notice when the insurance will be suspended, forfeited, or cancelled, which shall not be less than thirty days after the service of

such notice * * * and no suspension, forfeiture, or cancellation shall take effect until the time thus fixed and except as herein provided, anything in the policy, application, or a separate agreement to the contrary notwithstanding."

Schlief contends that since no such notice of cancellation was ever sent, which fact Campbell admits, there was never an effective cancellation of the additional coverage and it was therefore in effect on the date of the collision on February 22, 1964.

The Court finds that inasmuch as agent Campbell did have the authority to bind the company orally, Carolina Casualty was initially bound to coverage of the semi-tractor and trailer in question. It is abundantly clear that had the accident occurred in the first few days of February, Schlief would have been covered on the additional units for which he requested coverage on January 31. Once it has been established that there was coverage extended, the question becomes one of whether or not the coverage was effectively cancelled. In this respect the Court agrees with defendant's reliance on Iowa Code § 515.80. This section clearly provides that the cancellation of any contract of insurance must be preceded by written notice of cancellation. It also states certain other requirements as to what the notice shall contain and the effective date of cancellation, however, these requirements are not here material since no notice of any kind was ever sent. It is the opinion of the Court that the coverage extended orally by agent Campbell was never effectively cancelled and was in full force and effect at the time of the collision.[2]

The Court therefore finds that plaintiff Carolina Casualty was, on February 22, 1964, bound under Policy No. AC128912 to provide insurance coverage for the 1963 White Freightliner Tractor

---

1. It should be noted that by deposition of Edgar Hibbard, Carolina Casualty Vice President in charge of underwriting, it is admitted that Agent Campbell had the authority to bind the company orally.

2. See Strahorn v. Kansas City Fire & Marine Ins. Co., 241 Iowa 991, 999, 42 N.W. 2d 903, 907 (1950).

and the 1956 Fruehauf Trailer which were the subjects of the additional coverage requested and granted on January 31, 1964.

Judgment shall be entered accordingly.